# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF WASHINGTON
### TACOMA DIVISION

| | |
|---|---|
| STEPHEN WHITEHOUSE, a married person, in his separate capacity,<br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF STATE,<br>　　　　Defendant. | CASE NO. 3:23-cv-5747<br><br>Jury Trial: ☐ Yes　☒ No |

**COMPLAINT FOR BREACH OF CONTRACT, FOR VIOLATION OF CIVIL RIGHTS AND FOR MANDAMUS AND INJUNCTIVE RELIEF (REDACTED VERSION)**

COMES NOW the Plaintiff herein, and for his cause of action herein alleges as follows:

## I.
## PARTIES

A. Plaintiff herein is a married person acting in his separate capacity and at all material time hereto was a resident of Mason County, Washington.

B. Defendant is The UNITED STATES OF AMERICA, by the Department of State.

## II.
## VENUE AND JURISDICTION

2.1    A substantial part of the events herein occurred in Mason County, Washington.

2.2    This matter is a civil action arising under the laws and Constitution of the United States invoking 28 USC 1331.

2.3    This action seeks to redress the deprivation of rights secured by the United States Constitution invoking 28 USC 1343.

2.4    The United States is the Defendant, and this is a civil action founded upon the Constitution or regulations of the United States, and results in an implied contract relating thereto including 28 USC 1346.

2.5    This is an action alleging the deprivation of rights, privileges, or immunities under the Constitution and laws of the United States invoking 42 USC 1983.

## III.
## FACTS

3.1    Plaintiff is a citizen of the United States having been born in Boston, Massachusetts on XX-XX-1949.

3.2    Throughout Plaintiff's adult life, he has maintained a passport issued by Defendant, the most recent being Passport No. XXXXXXXXX.

3.3    The above passport was due to expire on December 5, 2023.

3.4    In anticipation of travel outside of the United States in late October 2023, Plaintiff applied for a renewal of his passport.

3.5    This application for renewal was mailed to Defendant on January 16, 2023, at the proper address.

3.6    Included in this submittal was all information necessary to process the passport, including

the actual existing passport.

3.7     Plaintiff had been issued a passport card but instructions did not say to return it or what to do in the event it was lost.

3.8     The passport card was lost.

3.9     By letter dated February 1, 2023, Defendant forwarded a letter to Plaintiff telling him to return the passport card or file form DS-64 if it was lost.

3.10    On February 7, 2023, Form DS-64 was mailed to Defendant at the proper address.

3.11    Thereafter, Plaintiff would check every few weeks on the status of his application on the online portal maintained by Defendant.

3.12    Each time, the portal indicated that the status was "in progress".

3.13    Plaintiff also tried calling Defendant at the phone number provided on its website to communicate with them.

3.14    It was not possible to contact the Defendant through this number. When you would call, it would indicate it was not accepting calls.

3.15    On June 26, 2023, Plaintiff was informed by letter that he was not eligible for a renewal passport because of the lost passport card, and he must submit an application for a new passport. His current passport was not returned.

3.16    This information is directly contrary to the information provided by Defendant almost five months earlier.

3.17    On July 3, 2023, Plaintiff submitted a new, expedited, passport application, with an original birth certificate, at a passport acceptance facility as directed by Defendant.

3.18    The information provided to Defendant on July 3, 2023, in the new expedited passport application included no new information beyond what information Defendant had from the

renewal application. It was simply a new form.

3.19   Defendant has not acknowledged receipt of the new passport application, over six weeks later.

3.20   A check of the passport portal maintained by Defendant shows the application for the original renewal application as "in progress" and provides no information regarding the new application.

3.21   For each of the above services, Plaintiff paid the required fees.

3.22   Plaintiff has at all times been eligible for a U.S. passport.

3.23   By accepting a fee for service, Defendant was contractually bound to provide these services within a reasonable period of time.

3.24   Defendant has promoted the idea that they are overwhelmed with passport applications because the pandemic has subsided.

3.25   Passport applications in prior years has been as follows:

| Year | Applications |
|---|---|
| 2017 | 21,378,994 |
| 2018 | 21,103,475 |
| 2019 | 20,690,491 |
| 2020 | 11,711,945 |
| 2021 | 15,496,590 |
| 2022 | 21,955,760 |

3.26   As can be seen from the above statistics, through 2022, passport applications had simply returned to pre-pandemic levels.

3.27   The Defendant now publicly claims that passport applications have been approximately 2,000,000 per month in the first six months of 2023. It is obvious that Defendant could have easily anticipated that increase, given the drop of approximately 16,000,000 passport applications, total, in 2020 and 2021.

3.28   Despite the fact that the increase in passport applications began approximately nine months

ago, Defendant did not begin to address the issue by allowing overtime to its employees until May of 2023.

3.29   Defendant is under a legal and contractual duty to issue passports in a timely manner.

3.30   Defendant has no plain, speedy, adequate remedy at law in order for Plaintiff to obtain anything to travel abroad as planned.

## IV.
## CAUSES OF ACTION

4.1   The forgoing is a breach of contract.

4.2   The forgoing is a denial of Plaintiff's constitutional right to travel abroad as recognized by <u>Kent v. Douglas</u>, 357 U.S. 116 (1958).

4.3   The foregoing is a deprivation of Plaintiff's civil rights under 42 USC 1983.

4.4   The issuance of a Writ of Mandamus pursuant to 28 USC 1361 is appropriate.

## V.
## RELIEF

Wherefore, Plaintiff prays as follows:

    a. For a declaration that Plaintiff is entitled to the immediate issuance of a passport, and the issuance of a Writ of Mandamus to immediately compel same.

    b. For a judgement against Defendant for Plaintiff's costs and attorney's fees.

    c. Plaintiff reserves the right to amend this complaint in the event he is unable to travel at the end of October, as planned, and he suffers damages thereby.

    d. For such other and further relief as the court deems appropriate.

Dated this 22nd day of August 2023.

*[signature]*
STEPHEN WHITEHOUSE
PO Box 1273
Shelton, WA 98584
(360) 426-5885
swhite8893@aol.com

## VERIFICATION OF PLAINTIFF

I, Stephen Whitehouse, hereby declare:

I am over the age of eighteen (18), and I am competent to give evidence in this case. I verify the factual statements made in are true and correct.

Dated this 22nd day of August 2023, in the city of Shelton, WA, under penalty of perjury under the laws of the state of Washington by:

*[signature]*
STEPHEN WHITEHOUSE